# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
#### No. 5:07-CT-3029-D

CHARLES ROBERT BAREFOOT, JR.,   )
                               )
             Plaintiff,      )
                               )
              v.            )        **ORDER**
                               )
MARVIN POLK, et al.,              )
                               )
             Defendants.   )

On February 20, 2007, Charles Robert Barefoot, Jr. ("Barefoot" or "plaintiff") filed this action asserting various claims under 42 U.S.C. § 1983 ("section 1983") and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5 [D.E. 1]. Only two section 1983 claims remain [D.E. 59]. On May 14, 2010, defendants Polk, Montgomery, Bynum, Crosby, Clayburn, Thomas, Clayton, James, Harris, Avery, and Panter (collectively "Central Prison defendants") filed a motion for leave to amend their answer to add a statute-of-limitations defense [D.E. 64] and a second motion for summary judgment [D.E. 66]. On May 17, 2010, the court notified Barefoot about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 68]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam).

On May 19, 2010, Barefoot filed a motion to modify the scheduling order [D.E. 69]. On May 21, 2010, Barefoot filed a motion for the production of documents [D.E. 70] and a response in opposition to the motion for summary judgment [D.E. 71]. On June 7, 2010, Barefoot filed a motion to appoint counsel [D.E. 73]. On June 10, 2010, Barefoot filed a motion to set the case for jury trial [D.E. 75]. On July 14, 2010, defendant Hedgepath filed a motion to dismiss [D.E. 88]. On July 15,

2010, the court issued a Roseboro notice to Barefoot concerning Hedgepath's motion to dismiss [D.E. 90]. See Roseboro, 528 F.2d at 310. On July 21, 2010, Hedgepath filed a motion for a protective order [D.E. 92]. On August 2, 2010, Barefoot filed a motion for an extension of time to file a particularized complaint [D.E. 96]. Barefoot did not file a response in opposition to Hedgepath's motion to dismiss, and the deadline to respond has lapsed.

For the reasons explained below, the court denies Barefoot's motion to modify the scheduling order [D.E. 69], motion to appoint counsel [D.E. 73], and motion for an extension of time to file a particularized complaint [D.E. 96]. The court grants Central Prison defendants' motion to amend their answer [D.E. 64] and second motion for summary judgment [D.E. 66]. The court grants defendant Hedgepath's motion to dismiss [D.E. 88]. The court denies all remaining motions as moot [D.E. 70, 75, 92] and dismisses without prejudice Barefoot's claims against defendant DOC Board under Rule 4(m) of the Federal Rules of Civil Procedure.

I.

On June 7, 2010, Barefoot filed a motion to appoint counsel with a supporting memorandum of law [D.E. 73]. Barefoot claims that extraordinary circumstances exist which warrant court-appointed counsel. According to Barefoot, his imprisonment "greatly limit[s]" his "ability to litigate." Mem. Supp. Mot. Appoint 1. In addition, Barefoot asserts that because his competency to assist in his defense in his pending criminal case is at issue, he should not be allowed to represent himself in this civil case. Id. at 1–2; see United States v. Barefoot, No. 5:05-CR-166-BO (E.D.N.C. docket sheet).

A civil litigant does not have a constitutional right to counsel. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard. v. U.S. Dist. Ct. for S.D.

2

of Iowa, 490 U.S. 296 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). In a civil case, the court "may request an attorney to represent any person unable to afford counsel" if the case presents exceptional circumstances. See 28 U.S.C. § 1915(e)(1); Whisenant, 739 F.2d at 163. Thus, court-appointed counsel in a civil case "is a privilege and not a right," Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968), and whether to grant a request for counsel is discretionary. Cf. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

Barefoot's remaining claims are straightforward. Moreover, Barefoot has demonstrated the ability to articulate his claims adequately. Indeed, Barefoot is a prolific pro se litigant in the Eastern District of North Carolina, who, although unsuccessful, demonstrates the ability to present his civil claims.[1] Accordingly, the court finds that this action does not present exceptional circumstances. See Whisenant, 739 F.2d at 163. Therefore, the court denies Barefoot's motion to appoint counsel [D.E. 73].

On May 14, 2010, Central Prison defendants filed a motion to amend their answer to include a statute-of-limitations defense [D.E. 64]. Barefoot did not file an objection. Under Rule 15(a)(2)

---

[1] See, e.g., Pet. for Writ of Habeas Corpus, Barefoot v. Revell, No. 5:10-HC-2030-FL (E.D.N.C. Mar. 1, 2010); Compl., Barefoot v. Pettit, No. 5:09-CT-3148-BO (E.D.N.C. Aug. 21, 2009); Compl., Barefoot v. Derry, No. 5:09-CT-3143-FL (E.D.N.C. Aug. 19, 2009); Pet. for Writ of Habeas Corpus, Barefoot v. Revell, No. 5:09-HC-2091-D (E.D.N.C. July 10, 2009); Compl., Martinez v. Harrison, No. 5:08-CT-3169-D (E.D.N.C. Dec. 12, 2008); Pet. for Writ of Habeas Corpus, Barefoot v. Holding, No. 5:08-HC-2179-BO (E.D.N.C. Dec. 8, 2008); Compl., Barefoot v. Goulian, No. 5:08-CT-3162-D (E.D.N.C. Dec. 1, 2008); Compl., Barefoot v. Holding, No. 5:08-CT-3159-D (E.D.N.C. Nov. 24, 2008); Compl., Barefoot v. King, No. 5:07-CT-3038-D (E.D.N.C. Mar. 13, 2007); Compl., Barefoot v. Polk, No. 5:07-CT-3029-D (E.D.N.C. Feb. 20, 2007); Compl., Barefoot v. Ellis, No. 5:06-CT-3123-D (E.D.N.C. Nov. 16, 2006); Compl., Barefoot v. Pickett, No. 5:06-CT-3113-FL (E.D.N.C. Oct. 27, 2006); Compl., Barefoot v. Thorton, No. 5:06-CT-3112-BO (E.D.N.C. Oct. 27, 2006); Compl., Barefoot v. Thorton, No. 5:06-CT-3109-H (E.D.N.C. Oct. 20, 2006); Compl., Barefoot v. Polk, No. 5:06-CT-3100-BO (E.D.N.C. Oct. 6, 2006); Compl., United States v. Barefoot, No. 5:04-CV-888-H (E.D.N.C. Nov. 18, 2004); Mot. to Vacate, Barefoot v. United States, No. 5:04-CV-311-BO (E.D.N.C. May 7, 2004).

3

and Rule 16(b)(4) of the Federal Rules of Civil Procedure, the court allows the motion for leave to amend the answer [D.E. 64].

On May 19, 2010, Barefoot filed a motion to extend the May 15, 2010 scheduling-order deadline to file all motions of any nature (except those relating to the admissibility of evidence) [D.E. 69]. Barefoot requests the extension so that he may obtain copies of "past court records." Mot. Extension 1. However, Barefoot fails to identify the specific records he seeks to obtain or explain how the records relate to any motion he intends to file.

A pro se litigant assumes responsibility for properly maintaining his legal records. If additional copies of court filings are required, the Clerk of Court processes requests for a fee of fifty cents per page. See 28 U.S.C. § 1914 n. (District Court Miscellaneous Fee Schedule). Barefoot filed suit more than three years ago and has had ample time to obtain copies of court records. The docket sheet reflects no communications from Barefoot to the Clerk requesting copies of specific court records and including payment. Barefoot fails to show good cause to warrant an extension of the motions deadline under the scheduling order. See Fed. R. Civ. P. 16(b)(4); Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298–99 (4th Cir. 2008). Thus, the court denies plaintiff's motion to modify the scheduling order [D.E. 69].

On August 2, 2010, Barefoot filed a motion for an extension of time to file a particularized complaint [D.E. 96].[2] According to Barefoot, on or about July 19, 2010, the court ordered him to file a particularized complaint. Mot. Extension Amend Compl. 1. Barefoot asks the court for a

---

[2]Providing Barefoot the benefit of the prison "mailbox rule," the court construes the date Barefoot filed his motion for an extension of time as August 2, 2010. See, e.g., Houston v. Lack, 487 U.S. 266, 270–76 (1988); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735–36 (4th Cir. 1991) (per curiam).

4

thirty-day extension or until September 12, 2010, to comply. Id.

Contrary to Barefoot's assertion, the court did not order plaintiff to particularize his complaint in this action at any time in July 2010.[3] Thus, the court denies Barefoot's motion for an extension of time to file a particularized complaint [D.E. 96].

On May 14, 2010, Central Prison defendants filed a second motion for summary judgment [D.E. 66]. Defendants argue that Barefoot's remaining section 1983 claims are barred under the doctrine of res judicata. See Defs.' Mem. Supp. Mot. Summ. J. ("Defs.' Mem. Supp.") 2–3. In the alternative, defendants argue that Barefoot's claims are time-barred, and that Barefoot failed to exhaust his administrative remedies on his claims of deliberate indifference to his serious medical needs and religious discrimination related to the alleged August 17, 2005 assault. Id. at 3–4. Defendants rely on the second affidavit of defendant Joshua Panter, a Correctional Lieutenant at Central Prison, in support of their motion for summary judgment [D.E. 67-1]. On July 14, 2010, Hedgepath filed a motion to dismiss, also alleging that Barefoot's claims are barred under the doctrine of res judicata [D.E. 88].

In considering Central Prison defendants' motion for summary judgment and Hedgepath's motion to dismiss, the court views the evidence in the light most favorable to petitioner and applies well-established principles under Rules 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure. See, e.g., Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S.

---

[3]On July 6, 2010, the court ordered Barefoot to particularize his claims in a separate action. See Barefoot v. Goulian, No. 5:08-CT-3162-D (E.D.N.C. July 7, 2010) (order). At Barefoot's request, the court extended his response time in that case until August 11, 2010. Because, in this case, Barefoot requests a thirty-day extension or until September 12, 2010, to file a particularized complaint in response to the court's order, it appears that Barefoot mistakenly filed this motion for an extension of time in the wrong action. The court directs the Clerk of Court to file Barefoot's motion for an extension of time to file a particularized complaint in the appropriate action. See id.

5

317, 325 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–52 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the court need not accept petitioner's "legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006) (quotations omitted) (discussing Rule 12(b)(6) of the Federal Rules of Civil Procedure); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc).

Barefoot, a pretrial detainee, is the self-described "founder" and "pastor" of the "Church of the Nations Knights of the Ku Klux Klan Inc." See Compl. 10, Ex. A. Barefoot is being held at the Federal Medical Center in Butner, North Carolina ("FMC-Butner"), pending restoration of his competency to stand trial for federal charges in connection with a conspiracy to blow up the Johnston County Sheriff's office and state murder charges. See Hedgepath's Mem. Supp. Mot. Dismiss ("Hedgepath's Mem. Supp."), Ex. A; Barefoot v. Revell, No. 5:09-HC-2091-D, at 2–3 (E.D.N.C. Feb. 18, 2010) (order summarizing Barefoot's criminal and competency proceedings).

Originally, Barefoot sued Central Prison Warden Marvin Polk, the Department of Correction ("DOC") Board, Chaplain Montgomery, Harold Smalls, Donnie Raynor, Boyd Bennett, Helen Maleael, Lieutenant Bynum, Sergeant Crosby, Lieutenant Clayburn, Captain Thomas, Hattie Pimpong, Officer Clayton, Officer James, Officer Harris, Officer Avery, and Sergeant Panter [D.E. 1]. Barefoot named Physician Assistant Alvin Hedgepeth ("Hedgepath") as an additional defendant in his second amended complaint [D.E. 39]. The court dismissed plaintiff's claims against

6

defendants Smalls, Raynor, Bennett, Maleael, Pimpong, and unknown defendants in their entirety [D.E. 21, 59]. Barefoot's only remaining section 1983 claims involve alleged deliberate indifference to serious medical needs following an alleged assault on August 17, 2005, and alleged religious discrimination following the same alleged assault [D.E. 59].

First, defendants argue that Barefoot's claims are barred under the doctrine of res judicata. See Defs.' Mem. Supp. 2–3; Def. Hedgepath's Mem. Supp. Mot. Dismiss ("Def. Hedgepath's Mem. Supp.") 5–7. Notably, on October 6, 2006, several months before commencing this action, Barefoot filed a separate suit against Polk, Hedgepath, and Crosby. See Compl., Barefoot v. Polk, No. 5:06-CT-3100-BO (E.D.N.C. Oct. 6, 2006) ("Barefoot I"); see also Hedgepath's Mem. Supp. 5. In that case, Barefoot asserted claims involving an involuntary tuberculosis test on August 17, 2005. Barefoot complained that defendants administered the tuberculosis test in violation of his religious beliefs, used excessive force in administering the test, and racially discriminated against him. See Compl., Barefoot I (E.D.N.C. Oct. 6, 2006). Later, Barefoot clarified that he asserted only a claim of excessive use of force against defendants. See Barefoot I, at 2–3 (E.D.N.C. Feb. 14, 2008) (granting summary judgment). Thus, in considering defendants' motion for summary judgment, the court addressed the use-of-force incident and did not discuss any claim of racial or religious discrimination. See id. On February 15, 2008, the court granted summary judgment to defendants and dismissed the action in its entirety. Id. at 5. Barefoot did not appeal.

Under the res judicata doctrine, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (alteration and quotation omitted). As the Fourth Circuit has stated:

7

> [T]he preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for not only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.

Pension Benefit Guar. Corp. v. Beverley, 404 F.3d 243, 248 (4th Cir. 2005) (quotation omitted). Thus, the doctrine "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." Brown v. Felsen, 442 U.S. 127, 131 (1979), superseded on other grounds by statute, Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, 92 Stat. 2682 (1978); Pueschel, 369 F.3d at 354.

A party relying on res judicata must establish three elements: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009) (quotation omitted). "The determination of whether two suits arise out of the same cause of action . . . does not turn on whether the claims asserted are identical." Pueschel, 369 F.3d at 355. "Rather, it turns on whether the suits and the claims asserted therein arise out of the same transaction or series of transactions or the same core of operative facts." Id. (quotation omitted); see Ohio Valley Envtl. Coal, 556 F.3d at 210. "Among the factors to be considered in deciding whether the facts of the current and prior claims are so woven together that they constitute a single claim are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes." Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999) (quotations omitted).

Defendants Polk, Crosby, and Hedgepath argue that all three elements under res judicata are established. See Defs.' Mem. Supp 2–3; Def. Hedgepath's Mem. Supp. 5–7. First, the summary

8

judgment granted to defendants in <u>Barefoot</u> I is a final judgment on the merits. <u>See</u> <u>Barefoot</u> I (E.D.N.C. Feb. 14, 2008) (granting summary judgment). Second, the parties in <u>Barefoot</u> I and this action are identical. <u>See</u> <u>id.</u> Third, Barefoot's present remaining claims against Polk, Crosby, and Hedgepath arise from the same core of operative facts as in <u>Barefoot</u> I. The court agrees that defendants Polk, Crosby, and Hedgepath have satisfied the elements for res judicata. Thus, the court grants summary judgment to defendants Polk and Crosby, grants Hedgepeth's motion to dismiss, and dismisses with prejudice Barefoot's claims against defendants Polk, Crosby, and Hedgepath on the basis of res judicata.[4]

In the alternative, Central Prison defendants assert that summary judgment should be granted because Barefoot failed to exhaust his administrative remedies. Defs.' Mem. Supp. 4; <u>see</u> Second Panter Aff. ¶ 2. The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); <u>see</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 83–85 (2006); <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) (holding that the exhaustion requirement applies to prisoners suing under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971)).[5] "[T]he PLRA's

---

[4]The court does not address whether Central Prison defendants Montgomery, Bynum, Clayburn, Thomas, Clayton, James, Harris, Avery, and Panter qualify as privies, who are entitled to summary judgment under the doctrine of res judicata. <u>Cf.</u> <u>Freeman v. Byrne</u>, No. 9:09-1102-DCN-BM, 2010 WL 1494978, at *2 (D.S.C. Mar. 16, 2010) (unpublished); <u>Wiles v. Ozmint</u>, No. 9:09-634-CMC-BM, 2009 WL 3417580, at *4–5 (D.S.C. Oct. 20, 2009) (unpublished); <u>Bells v. Ozmint</u>, No. 6:06-2266-RBH-WMC, 2007 WL 1862668, at *1–3 (D.S.C. June 6, 2007) (unpublished).

[5]The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 42 U.S.C. § 1997e(h). Thus, the PLRA's exhaustion requirements apply to Barefoot. <u>See, e.g.</u>, <u>Michau v. Charleston County, S.C.</u>, 434 F.3d 725, 727 (4th Cir. 2006).

9

exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. The failure to exhaust is an affirmative defense that a defendant must plead and prove. See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005). Central Prison defendants assert the exhaustion defense in their amended answer [D.E. 38, 65] and second motion for summary judgment [D.E. 66].

According to Panter, Barefoot filed 15 grievances while he was in the DOC's custody as a "safekeeper" at Central Prison at various times from 2004 through 2007. See Second Panter Aff. ¶ 2. On August 18, 2005, Barefoot filed a grievance (Grievance No. 3100-05-2283) involving the August 17, 2005 tuberculosis test. See id.; see also id. attach. 1. In this grievance, Barefoot claimed that Hedgepath provided a "medical clearance" from the skin test and authorized an x-ray or oral examination to rule out tuberculosis. Id. attach. 1. Barefoot also claimed that Crosby's motive for the alleged assault was race-based and not medically necessary. Id. On April 12, 2007, two months after Barefoot filed this action, Barefoot filed a grievance (Grievance No. 3100-07-0665) in which he complained about inadequate medical treatment. Id. attach. 2. Barefoot complained about "unbearable pain" in his left leg, which he attributed to the August 17, 2005 incident involving an alleged excessive use of force. See id. Based on a review of the records, Panter "[o]therwise [] found no grievance in which [Barefoot] complained about the medical care he received following

10

the [August 17, 2005] incident." Second Panter Aff. ¶ 2. In addition, Panter "found no grievance in which [Barefoot] complained (on religious grounds or other grounds) about being placed in administrative segregation following that incident." Id. Thus, defendants assert that Barefoot "did not exhaust his administrative remedies" with respect to the two remaining section 1983 claims. Defs.' Mem. Supp. 4.

Barefoot does not claim that he exhausted his administrative remedies concerning the alleged deliberate indifference to his serious medical needs or the alleged religious discrimination following the alleged August 17, 2005 assault. Furthermore, Barefoot does not allege that he was unable to exhaust his administrative remedies through no fault of his own. In light of the foregoing, Barefoot failed to exhaust his administrative remedies on his remaining two section 1983 claims. Accordingly, the court grants Central Prison defendants' motion for summary judgment and dismisses plaintiff's remaining section 1983 claims against defendants Montgomery, Bynum, Clayburn, Thomas, Clayton, James, Harris, Avery, and Panter without prejudice under 42 U.S.C. § 1997e(a).

On May 5, 2010, the court notified Barefoot of his failure to obtain service on defendant DOC Board within 120 days of the filing of the complaint [D.E. 61]. See Fed. R. Civ. P. 4(m). The court allowed Barefoot 14 days from his receipt of the notice to show good cause why service was not made. The deadline has lapsed without a response from Barefoot. Thus, the court dismisses without prejudice all claims against defendant DOC Board.

Having granted Central Prison defendants' motion for summary judgment and defendant Hedgepath's motion to dismiss, the court denies as moot all pending motions, including Barefoot's motion for the production of documents [D.E. 70], motion to set a jury trial [D.E. 75], and defendant

11

Hedgepath's motion for a protective order [D.E. 92].

## II.

In sum, the court DENIES plaintiff's motion to modify the scheduling order [D.E. 69], motion to appoint counsel [D.E. 73], and motion for an extension of time to file a particularized complaint [D.E. 96]. The court DIRECTS the Clerk of Court to refile plaintiff's motion for an extension of time to file a particularized complaint [D.E. 96] in Barefoot v. Goulian, No. 5:08-CT-3162 (E.D.N.C.). The court GRANTS defendants' motion for leave to file an amended answer [D.E. 64]. The court GRANTS Central Prison defendants' second motion for summary judgment [D.E. 66] and defendant Hedgepath's motion to dismiss [D.E. 88]. The court DISMISSES without prejudice defendant DOC Board under Rule 4(m) of the Federal Rules of Civil Procedure. The court DENIES as moot plaintiff's motion for production of documents [D.E. 70] and motion to set a jury trial [D.E. 75] and defendant Hedgepath's motion for a protective order [D.E. 92]. The Clerk of Court shall close this case.

SO ORDERED. This 17 day of August 2010.

JAMES C. DEVER III
United States District Judge

12