IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CT-3029-D

| | | |
|---|---|---|
| CHARLES ROBERT BAREFOOT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARVIN POLK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On February 20, 2007, Charles Robert Barefoot, Jr. ("Barefoot" or "plaintiff") filed this action asserting various claims under 42 U.S.C. § 1983 ("section 1983") and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5 [D.E. 1]. On August 17, 2010, the court ruled on numerous motions, including defendant Hedgepath's motion to dismiss. [D.E. 97] at 7–9, 12. In granting defendant Hedgepath's motion to dismiss, the court noted that Barefoot had not filed anything in opposition to the motion. Id. at 1–2.[1]

On September 7, 2010, Barefoot filed a motion to reconsider the court's dismissal of defendant Hedgepath [D.E. 102], along with a response [D.E. 100] and memorandum [D.E. 101] in opposition to defendant Hedgepath's motion to dismiss. As explained below, the court denies plaintiff's motion for reconsideration [D.E. 102].

Barefoot, a pretrial detainee, is the self-described "founder" and "pastor" of the "Church of the Nations Knights of the Ku Klux Klan Inc." See Compl. 10, Ex. A. Barefoot is being held at the

---

[1] On July 15, 2010, the court notified plaintiff about Hedgepath's motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 90]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam).

Federal Medical Center in Butner, North Carolina ("FMC-Butner"), awaiting trial for federal charges in connection with a conspiracy to blow up the Johnston County Sheriff's office and state murder charges. See United States v. Barefoot, No. 5:05-CR-166-1-BO, 2011 WL 995934, at * 2 (E.D.N.C. Mar. 18, 2011) (unpublished) (finding that Barefoot has regained competency to stand trial and setting pre-trial motions hearing for May 16, 2011); Barefoot v. Revell, No. 5:09-HC-2091-D, [D.E. 9] at 2–3 (E.D.N.C. Feb. 18, 2010) (unpublished) (order summarizing Barefoot's criminal and competency proceedings).

As for defendant Hedgepath, Barefoot asserted section 1983 claims based on deliberate indifference to serious medical needs following an alleged assault on August 17, 2005, and religious discrimination following the same alleged assault [D.E. 59]. Defendant Hedgepath sought dismissal under the doctrine of res judicata. See Def. Hedgepath's Mem. Supp. Mot. Dismiss 5–7 [hereinafter Hedgepath's Mem. Supp.]. Notably, on October 6, 2006, several months before commencing this action, Barefoot filed a separate suit against (among others) defendant Hedgepath. See Barefoot v. Polk, No. 5:06-CT-3100-BO, [D.E. 1] (E.D.N.C. Oct. 6, 2006) [hereinafter Barefoot I]; see also Hedgepath's Mem. Supp. 5; Pl.'s Mem. Opp'n Hedgepath's Mot. Dismiss 3 ("On or about October 6th 2006 Plaintiff Barefoot Filed a separate lawsuit from this one against . . . Hedgepeth, . . . No:5:06-CT-3100-BO"). In that case, Barefoot asserted claims involving an involuntary tuberculosis test on August 17, 2005. Barefoot complained that defendants administered the tuberculosis test in violation of his religious beliefs, exercised excessive use of force in the process, and racially discriminated against him. See Barefoot I, [D.E. 1] (Oct. 6, 2006); see also Pl.'s Mem. Opp'n Hedgepath's Mot. Dismiss 2 ("Plaintiff Barefoot was given a forced injection for turburclosis [sic] test on August 17th 2005 . . . at the hand of defendant Hedgepeth . . . ."). Later, Barefoot

2

clarified that he asserted only a claim of excessive use of force against defendants. See Barefoot I, [D.E. 56] at 2–3 ( Feb. 14, 2008) (granting summary judgment). Thus, in considering defendants' motion for summary judgment, the court addressed the use-of-force incident and did not discuss any claim of racial or religious discrimination. See id. On February 15, 2008, the court granted summary judgment to defendants and dismissed the action in its entirety. Id. at 5. Barefoot did not appeal.

Under the res judicata doctrine, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (alteration and quotation omitted). As the Fourth Circuit has stated:

> [T]he preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for not only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.

Pension Benefit Guar. Corp. v. Beverley, 404 F.3d 243, 248 (4th Cir. 2005) (quotation omitted). Thus, the doctrine "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." Brown v. Felsen, 442 U.S. 127, 131 (1979), superseded on other grounds by statute, Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, 92 Stat. 2682 (1978); Pueschel, 369 F.3d at 354.

For claim preclusion to apply, a party must establish three elements: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009) (quotation omitted). "The determination of whether two suits arise out of

3

the same cause of action . . . does not turn on whether the claims asserted are identical." Pueschel, 369 F.3d at 355. "Rather, it turns on whether the suits and the claims asserted therein arise out of the same transaction or series of transactions or the same core of operative facts." Id. (quotation omitted); see Ohio Valley Envtl. Coal., 556 F.3d at 210. "Among the factors to be considered in deciding whether the facts of the current and prior claims are so woven together that they constitute a single claim are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes." Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999) (quotations omitted).

Defendant Hedgepath argues that res judicata applies. See Hedgepath's Mem. Supp. 5–7, 8–10. Barefoot disagrees "because the [prior] court refused to obtaine [sic] the document that would clearly show beyond a reasonable doubt that Defendant Hedgepeth and others did NOT folow [sic] prison policies and standards . . . pursuant to turberculosis Testing . . . ." Pl.'s Mem. Opp'n Hedgepath's Mot. Dismiss 3.

The court agrees with defendant Hedgepath that he has satisfied the elements for res judicata. First, the summary judgment granted to defendants in Barefoot I is a final judgment on the merits. See Barefoot I, [D.E. 56] (Feb. 14, 2008) (granting summary judgment). Second, the parties in Barefoot I and this action are identical. See id. Third, Barefoot's present remaining claims against Hedgepath arise from the same core of operative facts as in Barefoot I. Barefoot's complaint that the prior decision was erroneous does not overcome the application of res judicata. See, e.g., Hinton v. Rudasill, No. AW-08-1460, 2010 WL 761154, at *3 (D. Md. Feb. 25, 2010) (unpublished) ("[I]t appears Plaintiff continues to 'forum shop' his complaint due in large part to . . . his dissatisfaction with the determinations made by other courts in denying him relief. The res judicata implications

4

of these facts are clear and the Court shall not revisit the claims in light of the estoppel effect of the prior ruling."), aff'd, 388 F. App'x 299 (4th Cir. 2010) (per curiam) (unpublished). Thus, the court dismisses with prejudice Barefoot's claims against defendant Hedgepath on the basis of res judicata.

Turning to Barefoot's motion for reconsideration, Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). The court has considered Barefoot's arguments in opposition to defendant Hedgepath's motion to dismiss, and finds that they do not warrant amendment of the judgment. Barefoot has cited no recent change in the controlling law, newly discovered evidence, or a clear error that merits an alteration or amendment to the judgment.

Alternatively, to the extent Barefoot seeks relief under Rule 60(b)(1) and (3) of the Federal Rules of Civil Procedure, his motion also fails. Rule 60(b) authorizes the court to "relieve a party ... from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect ... or fraud, ... misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a movant first must demonstrate that the motion is timely, that the

movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice by having the judgment set aside. Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); see Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266. Barefoot fails to establish a meritorious claim or defense. Accordingly, Barefoot fails to meet Rule 60(b)'s threshold requirements.

In sum, the court DENIES petitioner's motion for reconsideration [D.E. 102].

SO ORDERED. This 21 day of April 2011.

JAMES C. DEVER III
United States District Judge